1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Respondent,                2:07 - cr - 571 - GEB TJB

12        vs.

13   FELIX JAUREGUI,

14              Movant.            FINDINGS AND RECOMMENDATIONS

15   _____/

16        Movant, Felix Jauregui, seeks relief under 28 U.S.C. § 2255 from a sentence of 168

17   months imprisonment after Juaregui pleaded guilty to one count of conspiracy to distribute

18   methamphetamine. Movant's motion to vacate, set aside or correct sentence is not clear as to his

19   claims, and claims raised in headings on the pre-printed form are not supported by the

20   Memorandum of Law attached to the motion.  At an evidentiary hearing on June 1, 2012, it was

21   readily determined that the Movant had little or no knowledge of the claims contained in his

22   motion and that the  memorandum of law had been prepared by a fellow inmate.  Understanding

23   that Movant is acting *pro se*, this court has generously interpreted his motion to raise the

24   following claims:[1] (1) counsel was ineffective at sentencing for failing to challenge the allegedly

25   _____

26        [1]      The government recognizes that "[t]he defendant's memorandum of law does not
     provide specifics which are readily linked to the grounds set forth in the pre-printed form."

incorrectly calculated sentencing guideline range pursuant to the United States Sentencing Guidelines ("Claim I"); (2) counsel was ineffective in failing to challenge the amount of actual methamphetamine, resulting in a miscalculation of his sentence ("Claim II"); (3) counsel was ineffective for failing to raise on appeal a challenge to Movant's sentence on the ground that the factual basis in support of his plea did not support a conviction for conspiracy and failing to appeal the district court's finding that Petitioner's sentence should be extended for possession of a firearm("Claim III"); (4) counsel was ineffective for failing to advise Movant to accept a plea agreement from the government, rather than pleading guilty without any such agreement in place, resulting in a longer sentence ("Claim IV"); and, (5) the trial court committed error by failing to follow the procedures set forth in Federal Rule of Criminal Procedure 11(b) at the change of plea hearing ("Claim V").  Respondent filed an Answer in opposition to the motion arguing that Movant's claims should be denied on the merits without a hearing.  Movant did not file a reply to the Answer.

The evidentiary hearing on June 1, 2012, was held to determine the prejudice, if any, suffered by Movant as it related to his fourth claim.  Specifically, the hearing was held to determine whether Movant could show that he likely would have received a shorter sentence had he accepted a plea agreement offered by the government rather than pleading guilty without the benefit of a plea agreement.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Movant was one of nine persons named in an eighteen count indictment which issued in December of 2007.  *See* Docket No. 34.  Movant was charged with one count of conspiring to distribute methamphetamine, 21 U.S.C. §§ 846 & 841, four counts of distributing methamphetamine, *id.* § 841(a)(1), two counts of using a communication facility in furtherance

---

Answer at 8.  While the Government has not had an opportunity to address the claims precisely as the court interprets them, the Government's brief addresses each of the points raised by Movant.

of a drug offense, *id.* § 843(b), and one count of possessing with the intent to distribute

methamphetamine, *id.* § 841(a)(1).  On January 16, 2009, Movant entered a guilty plea to one

count of conspiracy to distribute methamphetamine.  *See* Docket No. 105.  While the plea was

not the result of a plea agreement with the government, the government dismissed the rest of the

charges against Movant.  *See* Docket No. 191.

At Movant's change of plea hearing, Movant's counsel offered the following factual basis

for Movant's plea:

> [Mr. Jauregui] agrees that he, and others, including, but not limited
> to Cesar Quintero-Felix and Genaro Luna . . . conspired to sell - to
> distribute more than 50 grams of actual methamphetamine in the
> Reastern District of California.  Pursuant to that agreement, Mr.
> Jauregui received methamphetamine from Quintero-Felix, and
> distributed it to Mr. Luna and to others from his place of business
> located on Miner Street in Stockton, California.  In furtherance of
> that agreement, Mr. Jauregui also delivered methamphetamine to a
> DEA confidential source on March 5, July 2, and September 13,
> 2007.  He acknowledges that the law enforcement personnel
> executed a search warrant at his residence and business on
> December 12, 2007, and that drugs and drug related items
> connected to the conspiracy were seized.  He does acknowledge
> that a firearm was found in the master bedroom of his residence,
> but denies it was used to possess in any way in connection with his
> actions in furtherance of the conspiracy.

Government's Opp., Ex. C, at 12-13.  The government added that if the case were taken to trial,

the government would "prove that there was, in fact, a conspiratorial relationship between Mr.

Jauregui, Mr. Quintero-Felix, and Mr. Lunda, including evidence that methamphetamine was

provided by Quintero-Felix to Mr. Jauregui on credit, or as a front, and that Mr. Jauregui

provided methamphetamine to Mr. Luna on credit, and that all of those parties had the

expectation that the methamphetamine that was being provided on credit would be paid for with

the proceeds from subsequent sales, so that there was not merely a buyer-seller relationship

between these co-defendants but, in fact, a conspiratorial relationship."  *Id.* at 14.  Movant's

counsel accepted this addition, and Movant agreed that he had done what both his and the

government's counsel had stated.  *Id.*

In the presentence report, the Probation Officer recommended a sentence of 254 months. Concluding that Movant was directly responsible for 830.8 grams of actual methamphetamine, the presentence report determined that the base level for the offense under the United States Sentencing Guidelines was 36.  Presentence Report [Hereinafter "P.S.R."] at ¶¶ 53, 59; U.S.S.G. § 2D1.1(c)(2).  The presentence report then recommended a two level enhancement for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), a three level enhancement for Movant's role in the offense, *id.* § 3B1.1, and a three level reduction for Movant's acceptance of responsibility, *id.* §3E1.1, resulting in a total offense level of 38.  P.S.R. ¶¶ 60-66.

At sentencing, Movant's counsel argued against both of the enhancements recommended in the presentence report.  Ex. D at 5.  The trial court overruled Movant's objection as to the enhancement for possession of a firearm, but sustained Movant's objection on the role enhancement, resulting in an offense level of 35.  *Id.* at 12.  The court then sentenced Movant to the lower recommended term of 168 months in prison.  *Id.* at 16.  Movant appealed the sentence, arguing, as he did at sentencing, that the firearm enhancement was inapplicable because the possession of the firearm was not related to the conspiracy.  The Court of Appeals for the Ninth Circuit affirmed the district court's sentence, concluding that "[t]he enhancement was appropriate because the record reflects that Jauregui possessed the firearm during the commission of the drug conspiracy."  Ex. E (citing *United States v. Lopez-Sandoval*, 146 F.3d 712, 715 (9th Cir, 1998).

On April 4, 2011, Movant filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II.  LEGAL STANDARD FOR § 2255 MOTION

A motion to vacate, set aside, or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2555 entitles a prisoner to relief if "the court finds . . . [t]here has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  Under § 2255, "a district court must grant a hearing to determine

1   the validity of a petition brought under that section, '[u]nless the motions and the files and the

2   records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v.*

3   *Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a

4   hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are

5   so palpably incredible or patently frivolous as to warrant summary dismissal.  *See United States*

6   *v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *United States v. Burrows*, 872 F.2d 915, 917

7   (9th Cir. 1989).  Mere conclusory statements or statements that are inherently incredible in a §

8   2255 motion are insufficient to require a hearing.  *See United States v. Howard*, 381 F.3d 873,

9   877, 879 (9th Cir. 2004); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).  While a

10  movant is not required to allege facts in detail, he must make factual allegations.  *See Hearst*, 638

11  F.2d 1194.  Accordingly, an evidentiary hearing is only required if:  (1) a petitioner alleges

12  specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of

13  the case cannot conclusively show that the petitioner is entitled to no relief.  *See Howard*, 381

14  F.3d at 877.

### III. ANALYSIS OF PETITIONER'S CLAIMS[2]

16  1.  Claims I and II

17  In Claim I, Movant alleges that his trial counsel was ineffective for failing to challenge

18  the trial court's purportedly incorrect calculation of the sentencing recommendation under the

19  United States Sentencing Guidelines.  Claim II, a related claim, alleges ineffective assistance of

20  counsel for failing to challenge the amount of actual methamphetamine determined to have been

21  possessed by Movant in the presentence report.

22  The Sixth Amendment guarantees effective assistance of counsel.  In *Strickland v.*

23  *Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating

24

25  _____

26  [2]   Because the record in this case shows that Movant is not entitled to relief, it is unnecessary to hold a hearing on this motion.  Because Movant fails to allege specific facts, which, if true would entitle him to relief, it is unnecessary to hold an evidentiary hearing.

1   ineffective assistance of counsel.  First, the movant must show that considering all the

2   circumstances, counsel's performance fell below an objective standard of reasonableness.  *See id.*

3   at 688.  Movant must identify the acts or omissions that are alleged not to have been the result of

4   reasonable professional judgment.  *See id.* at 690.  The federal court must then determine

5   whether in light of all the circumstances, the identified acts or omissions were outside the range

6   of professional competent assistance.  *See id.*  "[C]ounsel is strongly presumed to have rendered

7   adequate assistance and made all significant decisions in the exercise of reasonable professional

8   judgment."  *Id.*

9         Second, a movant must affirmatively prove prejudice.  *See id.* at 693.  Prejudice is found

10   where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

11   the proceeding would have been different."  *Id.* at 694.  When claiming ineffective assistance

12   after pleading guilty, in order to show prejudice a movant "must show that there is a reasonable

13   probability that, but for counsel's errors, he would not have pleaded guilty and would have

14   insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted).  A

15   reasonable probability is "a probability sufficient to undermine the confidence in the outcome."

16   *Strickland*, 466 U.S. at 694.  The likelihood of a different result must be substantial, not just

17   conceivable."  *Harrington v. Richter*, __ U.S. __, 131 S.Ct 770, 791, 178 L.Ed.2d 624 (2011).  A

18   reviewing court "need not determine whether counsel's performance was deficient before

19   examining the prejudice suffered by defendant as a result of the alleged deficiencies . . . [i]f it is

20   easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that

21   course should be followed."  *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (citing

22   *Strickland*, 466 U.S. at 697).

23         Movant claims that he possessed less than the 830.8 grams of actual methamphetamine

24   determined by the presentence report.  However, Movant fails to allege how or why the

25   presentence report's determination is inaccurate, and thus fails to state a prima facie case for

26   ineffective assistance of counsel.  Without doing more than simply alleging that the calculation

1    of the amount was incorrect, Movant cannot show he was prejudiced by any failure to challenge

2    the amount of methamphetamine.

3         According to Movant, his base offense level was 32 for possession of at least 50 grams of

4    actual methamphetamine.  Movant states that he should also have received a three point

5    reduction for acceptance of responsibility and a two point reduction pursuant to the United States

6    Sentencing Guidelines' "safety-valve" provision, resulting in a total offense level of 27 and

7    sentence ranging from 70 to 87 months.  Movant is incorrect.  Based upon the amount of actual

8    methamphetamine in Movant's possession, 830.8 grams, significantly higher than the 50 grams

9    Movant uses in his calculations, his base offense level was properly concluded to be 36.  *See*

10   U.S.S.G. § 2D1.1(c)(2).  As with Movant's calculation, the court did give him a three point

11   reduction for acceptance of responsibility.  Movant entirely fails to take into account the two

12   point enhancement for possession of a firearm, which was upheld by the Court of Appeals as

13   being proper.  Such an enhancement made Movant ineligible for the two point safety-valve

14   reduction.  *See* 18 U.S.C. § 3553(f)(2) (not eligible for safety-valve reduction if in possession of

15   a firearm); U.S.S.G. § 5C1.2.  The court correctly determined Movant's sentencing guideline

16   range.[3]  Any failure by Movant's trial counsel to challenge that determination does not support a

17   claim for ineffective assistance of counsel as Movant cannot show even the possibility of a

18   different result.  Movant is not entitled to relief on either Claim I or II.

19        2.  Claim III

20        In Claim III, Movant claims that his appellate counsel was ineffective for failing to raise

21   two separate issues on appeal.  First, Movant claims that his appellate counsel should have

22   challenged his conviction on the ground that the factual basis in support of his plea did not

---

24        [3]   In Movant's points and authorities in support of his motion he alludes to the fact
     that he received a three point enhancement for his role in the offense.  At the evidentiary hearing,
25   it was clear that Movant was under the mistaken belief that his sentence was lengthened because
     he had a leadership role in the conspiracy.  A review of the record indicates that the trial court
26   chose not to adopt the presentence report's recommendation on that enhancement.  Thus, any
     ineffectiveness claim based on counsel's failure to object to the role enhancement is baseless.

1  support a conviction for conspiracy because it only established a buyer-seller relationship.

2  Second, Movant alleges his counsel should have appealed the two point sentencing enhancement

3  for possession of a firearm.  Movant's second contention is without merit, as a review of the

4  record shows that appellate counsel did raise the issue of the  firearm enhancement on appeal.

5  *See* Ex. J.

6          Movant's first assertion is equally lacking in merit.  It is true, as Movant describes in his

7  brief, that a conviction for conspiracy to distribute methamphetamine requires the government to

8  establish more than just a buyer-seller relationship between the alleged conspirators.  *See United*

9  *States v. Lennick*, 18 F.3d 814, 819 (9th Cir. 1994).  However, at Movant's change of plea

10 hearing, after Movant's counsel stated the factual basis for the plea on the record, the government

11 noted that, if taken to trial, it would "prove that there was, in fact, a conspiratorial relationship"

12 between the defendants and "that there was not merely a buyer-seller relationship between these

13 co-defendants but, in fact, a conspiratorial relationship." Ex. D. at 14.  Movant agreed that he

14 had done what both his and the government's counsel stated, thus admitting that he was involved

15 in a conspiracy and not just a buyer-seller relationship.  Any appeal on this ground would have

16 been meritless and, therefore, Movant cannot show that he was prejudiced by his appellate

17 counsel's failure to challenge the conspiracy charge.  Movant is not entitled to relief on this

18 claim.

19          3.  Claim IV

20          In Claim IV, Movant alleges that his counsel was ineffective for failing to advise him to

21 accept a plea agreement offered by the government, and instead advised him to enter a guilty plea

22 without the benefit of a plea agreement with the government.  The *Strickland* standard for

23 ineffective assistance of counsel applies under these circumstances.  *Missouri v. Frye*, 566 U.S.

24 __,123 S.Ct. 1399, 2012 WL 932020 (March 21, 2012) (Slip opinion currently available at

25 *http://www.supremecourt.gov/opinions/11pdf/10-444.pdf*); *see also Hill v. Lockhart*, 474 U.S. 52

26 (1985).  In *Frye*, a case with similar facts to this one, the Supreme Court determined that the

8

constitutional right to effective assistance of counsel applies when a movant pleads guilty to a crime and claims that his counsel was ineffective for failing to recommend the movant take an earlier plea agreement that would have resulted in a lower sentence. *Frye*, Slip Op. at 7-8 ("criminal defendants require effective counsel during plea negotiations"). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Id.* at 11. "[I]t is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.*

Movant alleges that the government offered him a plea agreement in which Movant would plead guilty to count one of the indictment and the rest of the charges would be dropped. Movant claims that his guilty plea resulted in a longer sentence than that he would have received under a plea agreement because the plea agreement would have given him a three point reduction for acceptance of responsibility, a two point reduction under the safety-valve provision, and resulted in a sentence of less than ten years in prison.

Because the petition, files, and record of the case could not conclusively show that Movant is not entitled to relief, *see Howard*, 381 F.3d at 877, the court ordered an evidentiary hearing on this claim to determine what plea agreements had been offered to Movant prior to his pleading guilty, and whether any of those plea agreements would have resulted in a shorter sentence that the one actually received.

a. Factual Findings

At the evidentiary hearing, the court received evidence regarding three plea agreements that had been offered to Movant prior to his pleading guilty. Copies of the agreements were admitted into evidence at the proceeding and can be seen in their entirety as an exhibit to the government's supplemental opposition to the motion. Docket No. 344 (hereinafter "Supp.

1    Opp.").  Movant's trial counsel agreed that these were the only plea agreements offered to

2    Movant in this case.

3         The first offer, sent to Movant's trial counsel on July 28, 2008, would have bound the

4    government to recommend a sentence of 168 months in prison.  *Id.*, Ex. A-1.  This was based

5    upon a recommended sentencing guideline score of 35, resulting from a base offense level of 36,

6    a two point enhancement for the possession of a firearm, and a three point reduction for

7    Movant's acceptance of responsibility.  The agreement also included a cooperation provision

8    which could have potentially reduced Movant's sentence by half if he provided substantial

9    assistance to the government.  By accepting the agreement Movant was not guaranteed a reduced

10   sentence for his cooperation, but rather it was "within the sole and exclusive discretion of the

11   government to determine whether the defendant has provided substantial assistance" and the

12   "government may recommend a reduction in [defendant's] sentence of less than 50% or no

13   reduction at all, depending upon the level of assistance the government determines that the

14   defendant has provided."  *Id.* at 6.

15        According to the testimony of Movant's trial counsel, this offer was eventually revoked

16   by the government when it learned that children may have been present during the commission of

17   the crimes.  Movant did not dispute that the offer was revoked.  It is also unlikely that, given the

18   opportunity, Movant would have been willing to cooperate with the government such that the

19   government would use its discretion to recommend a sentence reduced below 168 months.

20   When given the opportunity to cooperate with the government in order to potentially be eligible

21   for safety-valve relief,[4] the government concluded that Movant was not being truthful: "At his

22   debrief, the defendant attempted to mitigate his culpability by minimizing the quantities of

23   ─────────────

24        [4] One of the requirements to be eligible for a reduction in sentence pursuant to the
     safety-valve provision is that "not later than the time of the sentencing hearing, the defendant has
25   truthfully provided to the Government all information and evidence the defendant has concerning
     the offense."  18 U.S.C. § 3553(f)(5).  Regardless of Movant's cooperation, he was ineligible for
26   a reduction because the court determined Movant possessed a firearm in connection with the
     offense.  *Id.* § (f)(2).

                                               10

methamphetamine he was buying and selling over the course of the conspiracy.  His claimed level of activity was inconsistent with his telephone records, his statements in intercepted calls, and his statements to the [confidential informant] on the precise topic of the amount he was dealing."  Government's Sentencing Memorandum, Docket No. 190 at 3-4.

The second and third plea offers by the government would have resulted in recommended sentences of greater than 168 months.  See Supp. Opp., Exs. A-2 and A-3.  Indeed, Movant's trial counsel testified that he recommended that Movant enter an open guilty plea because counsel believed the offers from the government were unreasonably high and that Movant could potentially receive a lower sentence if plead guilty without a plea agreement in place.

### b.  Conclusions of Law

As stated above, in order to show prejudice on an ineffective assistance of counsel claim where a movant claims his counsel should have advised him to enter into a plea agreement, "it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Frye, Slip. Op. at 11.

Based upon the foregoing factual findings and the evidence adduced at the evidentiary hearing, the only potential plea agreement that Movant was offered which would have resulted in a lesser sentence was the first plea agreement offered on July 28, 2008.  In order to result in a sentence of less than the 168 months Movant actually received, Movant would have to cooperate with the government and the government would have the discretion to move for a reduced sentence.  Movant makes no allegations in his petition that he was willing to or would have cooperated with the government.  Indeed, when given the opportunity to cooperate with the government in order to be potentially eligible for safety valve relief, the government concluded that Movant was not being truthful and was not cooperating, making it unlikely the government would have exercised its discretion to recommend a sentence reduction had Petitioner accepted the initial plea agreement.  It is also undisputed that the offer including the cooperation

11

1  agreement was unilaterally revoked by the government.

2       Movant has failed to show a reasonable probability that he would have received a shorter

3  sentence had he entered into a plea agreement prior to pleading guilty.  As such, Movant cannot

4  show that he was prejudiced by any alleged ineffective assistance of counsel during plea

5  negotiations and Movant is not entitled to relief on this claim.

6       4.  Claim V

7       In Movant's final claim, he asserts that the trial court committed error by failing to follow

8  the procedures set forth in Federal Rule of Criminal Procedure 11(b) at the change of plea

9  hearing.  Movant's memorandum in support of his motion is devoid of any discussion on this

10  claim.  Presumably, Movant is making a challenge on the basis that the factual basis offered in

11  support of his plea did not show that he was guilty of conspiracy.  This argument has already

12  been addressed, and rejected, above in Claim III.  Movant makes no other arguments which could

13  potentially be interpreted as inconsistent with Rule 11(b), and thus he is not entitled to relief on

14  this claim.

IV. CONCLUSION

15       Accordingly, IT IS HEREBY RECOMMENDED that the motion to vacate Movant's

17  sentence under 28 U.S.C. § 2255 be DENIED.

18       These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

20  after being served with these findings and recommendations, any party may file written objections

21  with the court and serve a copy on all parties. Such a document should be captioned "Objections

22  to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be

23  served and filed within seven days after service of the objections. The parties are advised that

24  failure to file objections within the specified time may waive the right to appeal the District

25  Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file,

26  Movant may address whether a certificate of appealability should issue in the event he elects to

1   file an appeal from the judgment in this case.  *See* Fed. R. App. P. 22(b).

2   DATED:  June 19, 2012

3

4

5

6                                    TIMOTHY J BOMMER
                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26